## LEESON *v.* YOUNG.

(*Circuit Court, N. D. California.* March, 1891.)

CUSTOM DUTIES—"SEINE AND GILLING TWINE."

An article manufactured, imported, and sold under the name "salmon net twine, 14 ply," made of the first quality of flax, having 14 small strands or threads very slightly twisted together, and mainly used for making seines and gilling nets for catching fish, and known in the trade and in its use as "salmon seine," and "seine and gilling twine," though it can be used for sewing sacks, shoes, etc., is taxable at 25 per cent. *ad valorem*, as "seines" and "seine or gilling twine," under Schedule J., Act 1883, (22 St. 507,) rather than 40 per cent. *ad valorem*, as "flax or linen thread," under the same schedule.

At Law.

Suit by J. R. Leeson against J. R. Young, administrator of the estate of Sullivan, collector, to recover the excess of duties alleged to have been illegally exacted.

*E. F. Swortfiguer* and *George A. Wentworth*, for plaintiff.

*Jackson Hatch*, Ass. U. S. Atty. for defendant.

Before SAWYER, Circuit Judge.

SAWYER, J. This is a suit to recover an alleged excess of duty charged and collected by the collector of the port of San Francisco, on what is claimed to be salmon seine or gilling twine.

The only question is one of fact; whether the article is "flax or linen thread" mentioned in Schedule J of the act of 1883 embracing hemp, jute and flax goods, taxable at 40 per cent. *ad valorem*, or whether it is "seines" or "seine and gilling twine" as used in the same schedule, and

taxable at 25 per cent. *ad valorem.* See 22 St. 507. The article was made in and imported from Scotland. It has a printed label on it marked "Salmon net twine, 14 ply," with the number 40 in the corner. It is made of first quality of flax, having 14 small strands or threads, very slightly twisted together, if it can be called twisted at all, into one strand or cord of twine or thread, whatever it may be properly called. There is abundant testimony showing that it is manufactured, imported, sold and used mainly for making seines and gilling nets for catching salmon and other fish, and that it is known in the trade and in its use as "salmon seine," and "seine and gilling twine." There is other testimony that it can be used, not that it is generally so used, in sewing shoes, sacks, etc. There is testimony of other witnesses that this is a thread, and that twine is hard twisted, etc., and that seines are also made of hard twisted twine or thread. If there is any reliance to be placed upon dictionaries in the definition of twine, and thread, the article in question, is, certainly a twine, rather than a thread. Out of the 20 odd specimens of thread and twine put in evidence, to show, in connection with the testimony of witnesses, what is thread, and what is twine, if this is not twine, then I am unable to say which is twine. In my judgment, in view of all the testimony, if there is any such thing as "seine twine" or "gilling twine" within the meaning of the statute, this must be the article, or at least one of the articles. It may be that other articles imported and used for the same purpose, may, also, come within the purview of the statute. It does not follow, that, this, alone, can come within the meaning of the statute, but this, at least, must be one of them. Some are large and some are small. Some of more, and some of less ply. The statute must mean something, and there was, doubtless, some reason for reducing the tariff on twine, used for this purpose of making seines and gilling nets, though congress has not seen fit to inform us what it is. Probably to encourage this class of fishing. If that be so, the fact that it is manufactured, imported, purchased, and used for this purpose, satisfies the reason, as well as, the letter, of the law; and the fact, that it may be used for other purposes, also, should not deprive it of the privilege of a reduced duty, when manufactured, imported and used in this business. Manufactured seines, and twine for seines, and gilling nets, are within the statute. Whether harder twisted threads, made into seines, or imported and sold in the trade and used for the same purpose, would, also, under such conditions, be within the scope of the statute, it is not necessary now to inquire. I am satisfied that the article in question, is seine or gilling twine, within the meaning of the statute.

I find that Judge BLODGETT, in the northern district of Illinois, took a similar view in *McNab* v. *Seeberger*, 39 Fed. Rep. 759, where twine, apparently, quite similar to this, was in question. Plaintiff is entitled to recover the excess of duty paid, over 25 per cent. Let a general finding be drawn, and judgment entered accordingly.